UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
SEP 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-421-GWU

LISA F. SHARPE,                          PLAINTIFF,

VS:            MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT,

## INTRODUCTION

Lisa Sharpe brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe. An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Sharpe, a 41 year-old woman with a 9th grade education, did not suffer from a "severe" impairment. (Tr. 14, 17). Therefore, the plaintiff could not be considered totally disabled. (Tr. 17).

3

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Sharpe did not suffer from a "severe" physical impairment. Dr. Stephen Lamb, an examining consultant, stated that "there is no physical evidence of restriction in patient's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying or handling objects or ability to travel observed." (Tr. 138). Dr. Kenneth Phillips (Tr. 162) and Dr. James Ross (Tr. 197), the non-examining medical reviewers, each opined that the plaintiff's physical impairments were "less than severe." Finally, no treating or examining source of record, including the staff at Pineville Community Hospital (Tr. 147) and Dr. Efren Valencia (Tr. 148-161)[1] specifically contradicted the administrative findings. Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's physical condition.

The ALJ also properly determined that Sharpe did not suffer from a "severe" mental impairment. Psychologist William Rigby, an examining consultant, did diagnose dysthymia and a panic disorder with agoraphobia. (Tr. 145). Rigby also suggested that the plaintiff would have a "fair" ability to tolerate the stress and pressures of work activity. (Tr. 146). However, the examiner rated the claimant's Global Assessment of Functioning (GAF) at 65. (Tr. 145). Such a GAF suggests the existence of only "mild" psychological symptoms according to <u>the American Psychiatric Association: Diagnostic and Statistical Manual for Mental Disorders</u> (4th Ed.-Revised, 1994). Thus, this "mild"

---

[1] The record indicates that Dr. Valencia's treatment notes after January of 2003 were destroyed in a fire. (Tr. 201).

4

restriction would arguably not significantly interfere with the performance of job activities. Furthermore, if the plaintiff has no non-exertional limitations, Social Security Ruling 85-15 provides that when a claimant's only impairment is mental, the issue becomes whether she can perform the basic mental demands of unskilled work. Only a <u>substantial</u> loss of ability in such areas as understanding, remembering, and carrying out simple instructions; responding appropriately to supervision, co-workers, and usual situations; and dealing with changes in a routine work setting would be considered disabling. Thus, Rigby's report supports the administrative decision.

The administrative finding that Sharpe does not suffer from a "severe" mental impairment is also supported by the opinion of Psychologist Edward Stodola, a non-examining medical reviewer. Stodola opined that the plaintiff's mental problems were not "severe." (Tr. 163).

Psychologist Laura Cutler, another medical reviewer, indicated that Sharpe would be "moderately" limited in such areas as working in coordination with others without being distracted by them, interacting appropriately with the general public, and responding appropriately to changes in the work setting. (Tr. 178-179). Her opinion is outweighed by that of Rigby, the examining source,[2] and offset by that of Stodola. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's mental status.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

---

[2] The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 404.1527(d)(1).

5

entered simultaneously consistent with this opinion.

This the __29__ day of September, 2005.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE

6